Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| DALLER DEL CASTILLO TRELLES<br><br>Peticionario<br><br>v.<br><br>ALTERNATIVE EXTERMINATING COMEJÉN CORP.<br><br>Recurrida | KLCE202301162 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Civil núm.: GB2023CV00789<br><br>Sobre: Reclamación Laboral (Procedimiento Sumario) |

Panel integrado por su presidenta la jueza Ortiz Flores, el juez Rivera Torres y la jueza Rivera Pérez.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2023.

Comparece ante este Tribunal de Apelaciones el Sr. Daller Del Castillo Trelles (el señor Castillo Trelles o el peticionario) mediante el recurso de *Certiorari* de epígrafe solicitándonos que revisemos y revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Guaynabo (el TPI), el 10 de octubre de 2023, notificada ese mismo día. En el referido dictamen, el foro primario aceptó la contestación a la demanda "con reconocimiento de una prórroga de dos días" y denegó la anotación de la rebeldía al patrono querellado, Alternative Exterminating Comején Corp. (AEC o el recurrido).

Por los fundamentos que expondremos a continuación, expedimos el recurso de *certiorari* y modificamos el dictamen recurrido.

### I.

El 9 de septiembre de 2023, el peticionario presentó una *Querella* contra su patrono AEC por alegada violación a la Ley núm.

379 de 15 de mayo de 1948, según enmendada, 29 LPRA sec. 283, *et seq.* En esencia, adujo que AEC le hizo trabajar durante su periodo de tomar alimentos y todos los sábados, por espacio de tres (3) años, sin recibir el pago de horas extras extraordinarias. También peticionó el pago costeado por él en el lavado del vehículo asignado por AEC. En total solicitó una compensación de $43,640, más $10,910 por concepto de honorarios de abogado. Además, la querella fue instada bajo el procedimiento especial de carácter sumario establecido en la Ley núm. 2 de 17 de octubre de 1961, según enmendada, *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118, *et seq.*, (Ley núm. 2).

El 14 de septiembre siguiente, fue diligenciado el emplazamiento de AEC mediante entrega personal al Sr. Omar Román Collazo.[1] El 20 de septiembre, compareció la Lcda. Maritza Torres Román mediante una moción intitulada *Moción asumiendo representación legal y en solicitud de prórroga.* En esta, peticionó un término de treinta (30) días "**para poder evaluar el expediente, consultar el caso con nuestro representado y poder presentar la Contestación a la Demanda**".[2]

El 26 de septiembre de 2023, el señor Castillo Trelles presentó una moción en la que argumentó que el término para contestar la demanda había expirado por lo que el tribunal no tenía jurisdicción para conceder la prórroga, y procedía dictar sentencia concediendo el remedio solicitado en la querella. A su vez, instó un *Memorando de Costas.*

Al día siguiente, AEC presentó su oposición a lo solicitado. Arguyó que la Ley núm. 2 no puede ser interpretada ni aplicada en el vacío y que en el presente caso se hacen alegaciones de más de cinco (5) años, por lo que las hojas de asistencia semanales pueden

---

[1] Véase el Apéndice del Recurso, a la pág. 5.
[2] *Íd.*, a la pág. 6. Énfasis en el original.

llegar a 260. Igualmente indicó que "[d]e las propias alegaciones de la parte querellante no [surge] que … tenga un derecho, no se dan fechas ciertas, ni horas todo son aproximaciones."[3] Asimismo, en el referido escrito <u>solicitó la conversión del caso a uno ordinario</u>. Además, instó la *contestación a querella.*

El 10 de octubre de 2023, el TPI dictó la *Resolución* recurrida en la cual consignó:[4]

> …
> La parte querellante es del criterio que la parte querellada tenía hasta el 26 de septiembre de 2023, para presentar contestación a la querella. Ahora bien, no podemos hacer abstracción que estamos ante una parte querellada que presentó una solicitud de prórroga oportuna, al sexto día del diligenciamiento del emplazamiento, refrendada por abogada. Luego presentó la contestación a la querella el 27 de septiembre de 2023, es decir, **uno o dos días en exceso del término estatutario original**. [Nota al calce omitida]. Difícilmente **puede catalogarse una prórroga tan exigua de irrazonable**.
> Si bien **la solicitud de prórroga no contiene juramento**, está suscrita por la representación legal de la parte querellada. Adviértase la trascendencia de la firma de una abogada en un escrito, en virtud de la regla 9.1 de procedimiento civil.
> A su vez, prudente armonizar con las pautas doctrinales que favorecen que los asuntos se diluciden en sus méritos, con reserva de la anotación de rebeldía para casos límites. El sitial del procedimiento sumario no se menoscaba o soslaya por la presentación de una contestación a la querella a trece días del emplazamiento, máxime cuando media una solicitud de prórroga oportuna y no caprichosa, dentro del plazo original.
> En torno a la solicitud de conversión al procedimiento ordinario, reconocemos que la querella abarca un período de tres años, dentro de un espacio de cinco años, con reclamos semanales de partidas por cuatro conceptos diferentes. Ello podría ameritar un descubrimiento de prueba razonable adicional, en aras del debido proceso de ley. *Berríos Heredia v. González*, 151 DPR 327 (2000). Sin embargo, no está presente un escenario de prueba pericial, médica o de complejidad extraordinaria que justifique el desvío de las virtudes del procedimiento sumario. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 932 (2008).
> Cónsono con lo anterior, **se acepta la contestación a la querella, con reconocimiento de una prórroga de dos días, se provee no ha lugar a la solicitud de anotación de rebeldía** promovida por la parte querellante y no ha lugar a la solicitud de conversión del procedimiento a ordinario instada por la parte querellada.
> Se concede a las partes plazo de noventa días para culminar el descubrimiento de prueba. Se señala

---

[3] *Íd.*, a la pág. 14, Alegación 7.
[4] *Íd.*, a las págs. 23 y 24.

conferencia con antelación a juicio el 13 de febrero de 2024, a las 10:00 a.m., por videoconferencia. Deben presentar el informe correspondiente el viernes previo a la vista.

Inconforme, el peticionario acudió ante este foro intermedio mediante el recurso de *Certiorari* de epígrafe imputándole al foro primario como único error el siguiente:

> ERRÓ EL TPI AL ACEPTAR LA CONTESTACIÓN TARDÍA A LA QUERELLA PRESENTADA POR EL PATRONO EN CIRCUNSTANCIAS EN QUE NO TENÍA JURISDICCIÓN NI DISCRECIÓN PARA ELLO Y EN QUE ES MANDATORIO DE ACUERDO AL LENGUAJE EXPRESO DE LA LEY 2 ANOTAR LA REBELDÍA AL PATRONO Y DICTAR SENTENCIA FINAL A FAVOR DEL EMPLEADO QUERELLANTE CONCEDIENDO EL REMEDIO SOLICITADO.

Examinado el recurso presentado, determinamos prescindir del escrito en oposición. Regla 7 del Reglamento de Apelaciones, 4 LPRA Ap. XXII-A, (R. 7).

Así, analizados el recurso y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

Todo recurso de *certiorari* presentado ante este tribunal intermedio debe ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Esta regla establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (Injunction) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo; y (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por otro lado, aun cuando estén presentes los requisitos de la Regla 52, *supra,* la expedición de un auto de *certiorari* debe evaluarse también a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento (4 LPRA Ap. XXII-B). La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas en dicha regla se encuentra presente en la petición. De estar alguna, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto y; por tanto, deberá prevalecer la determinación del foro recurrido. Además, la norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal de primera instancia, cuando este haya incurrido en arbitrariedad o en un craso abuso de discreción o en una interpretación o aplicación errónea de la ley. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580-581 (2009).

De otra parte, al tratarse el presente pleito de un procedimiento especial, al amparo de la Ley núm. 2, *supra,* es preciso remitirnos a lo expuesto en dicha ley y la jurisprudencia interpretativa. El alcance de dicha ley se ha extendido a procesos judiciales relacionados con reclamaciones por: "(1) cualesquiera derechos o beneficios laborales; (2) cualesquiera sumas en concepto de compensación por trabajo o labor realizado; (3) cualesquiera compensaciones en caso de que dicho obrero o empleado hubiese sido despedido de su empleo sin justa causa, o (4) cuando el Legislador lo haya dispuesto expresamente al aprobar otras leyes protectoras de los trabajadores". *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 922 (1996).

En nuestro ordenamiento se ha reconocido que la naturaleza sumaria de este procedimiento responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero". *Dávila, Rivera v. Antilles Shipping, Inc.,* 147

DPR 483, 492 (1999). Por ello, solo se ha permitido que este tribunal revise resoluciones interlocutorias provenientes de un procedimiento sumario al amparo de la referida ley cuando dicha resolución sea dictada sin jurisdicción, de forma ultra vires o en casos extremos, en los cuales los fines de la justicia requieran la intervención de este tribunal. *Íd.*, a la pág. 498. Nuestro Tribunal Supremo ha sido enfático respecto a este punto en diversas ocasiones. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016); *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 45-46 (2006); *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 171 (2001). La razón de ser de esta norma general de abstención es evitar dilaciones que normalmente las revisiones de determinaciones interlocutorias conllevan, lo que precisamente derrotaría el fin perseguido por el procedimiento sumario. *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 498.

De igual manera, nuestro alto foro fue contundente en *Vizcarrondo Morales v. MVM, Inc.*, supra, a las págs. 925-926, al expresar sobre "si un tribunal tiene discreción para negarse a anotarle la rebeldía a un patrono que no contestó una querella laboral en el término correspondiente ni presentó una solicitud de prórroga juramentada a esos efectos, ..." conforme dispone la Ley núm. 2. Así claramente, contestó en la negativa y citamos:

> Con el propósito de terminar **con la incertidumbre**, tanto en los tribunales de instancia como en el Tribunal de Apelaciones, sobre la correcta aplicación de la Ley Núm. 2, supra, resolvemos que, **según este estatuto, un tribunal no tiene discreción para negarse a anotar la rebeldía** **en las circunstancias descritas. No obstante, luego de anotar la rebeldía, el tribunal debe celebrar las vistas que sean necesarias para que el querellante sustente sus alegaciones y pruebe los daños reclamados**. Dichas vistas deberán realizarse según las normas que rigen los procedimientos en rebeldía. (Énfasis y subrayado nuestros). [5]

---

[5] *Íd.*, a las págs. 925 y 926.

De esta manera, se reiteró que el "lenguaje de la ley no es discrecional". *Íd.*, a la pág. 935. Así como norma general, una vez se extingue el término para contestar la querella *"el tribunal está impedido de tomar cualquier otra determinación que no sea anotarle la rebeldía al querellado. A ello queda limitada la jurisdicción del tribunal, según establecido por la Sec. 3 de la Ley Núm. 2, supra"*. *Íd.*

Valga aclarar a su vez que, "el hecho de que se haya anotado la rebeldía no es garantía *per se* de una sentencia a favor del querellante. Como es sabido, al dictarse una sentencia en rebeldía las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada **no son suficientes para sostener una adjudicación** a favor del demandante o querellante. [...] Por tanto, el tribunal debe celebrar las vistas que sean necesarias y adecuadas para tomar una determinación al respecto". [citas omitidas]. *Íd.*, a la pág. 937.

### III.

Cual surge de los autos ante nuestra consideración, el peticionario recurre de la denegatoria de su solicitud para que se le anotara la rebeldía a su patrono, el recurrido. Además, para que, anotada dicha rebeldía, se procediera a dictar sentencia concediendo lo reclamado al amparo de la Ley núm. 139-1968.

En primer lugar, opinamos que los hechos procesales del presente caso, así como la jurisprudencia interpretativa de la Ley núm. 2, justifica, por excepción, nuestra intervención en la controversia. Sin duda, esperar a la apelación constituiría un fracaso irremediable de la justicia. Además, analizada la misma bajo el crisol de la Regla 40 de nuestro Reglamento, *supra*, procede nuestra intervención por ser el dictamen uno contrario a derecho.

En el caso de autos, es un hecho incontrovertido que el recurrido falló en presentar su contestación a la querella en el término de diez (10) días, según advertía el emplazamiento

debidamente diligenciado. Sin bien solicitó de manera oportuna una prórroga, la misma no le fue concedida por el foro *a quo* <u>antes</u> de que expirara dicho término.[6] El hecho de que el tribunal recurrido no hubiese actuado resolviendo la moción de prórroga presentada por AEC, no le relevaba de la obligación de radicar su contestación dentro del término legal dispuesto en la Ley núm. 2. Por tanto, era su responsabilidad presentar la contestación en tiempo, a saber, el 25 de septiembre de 2023.[7]

De otra parte, conforme surge del derecho antes consignado, presentada la solicitud de anotación de rebeldía el 26 de septiembre de 2023, **el tribunal carecía de discreción alguna para denegar su anotación**. Inclusive, **el tribunal carecía de jurisdicción para otorgar la prórroga solicitada** dado que el término para contestar la querella había vencido. Asimismo, en el presente caso no existen circunstancias extraordinarias que justifiquen una aplicación más flexible del estatuto. Por ende, **solo procedía anotar la rebeldía al recurrido y examinar las alegaciones de la querella**.

Respecto a este punto, razonamos que de una lectura de las alegaciones de la querella surge claramente que estas son generalizadas y no son suficientes para sostener una adjudicación a favor del señor Castillo Trelles. Realmente estas representan un ejercicio meramente matemático. Como indicamos, el hecho de que se haya anotado la rebeldía no es garantía de que proceda dictar la sentencia a favor del querellante. Ante alegaciones como las del presente caso, **entendemos que corresponde la celebración de las vistas que sean necesarias y adecuadas para tomar una determinación al respecto**.

---

[6] Por otro lado, es menester señalar que la referida moción no fue debidamente juramentada ni fundamentada.

[7] El término de diez (10) días vencía el 24 de septiembre que, por ser domingo, se prorrogaba hasta el lunes 25. Regla 68 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 68.

En resumen, el TPI carecía de jurisdicción para aceptar la contestación a la querella presentada tardíamente por lo que procede la anotación de la rebeldía al recurrido. Por otra parte, se mantiene el plazo de noventa (90) días concedido para culminar el descubrimiento de prueba. Sin embargo, dado que el presente pleito es uno sumario,[8] en el señalamiento del 13 de febrero de 2024, **se deberá celebrar el juicio en rebeldía**.

En consecuencia, el error en derecho fue cometido por lo que nos vemos obligados a intervenir, expedir el auto discrecional de *certiorari* y modificar la *Resolución* del tribunal primario.

**IV.**

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* de epígrafe y modificamos el dictamen recurrido para que el TPI le anote la rebeldía al recurrido y proceda a celebrar las vistas que sean necesarias y adecuadas para adjudicar las reclamaciones, esto de conformidad a lo antes resuelto.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

---

[8] Advertimos que el peticionario no impugnó ante este foro apelativo la determinación del TPI de negarse a convertir el caso a uno ordinario.