ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| ENRIQUE REYES GONZÁLEZ, RUBÉN TOLEDO COLÓN Y EDGAR CUEVAS GALARZA<br><br>Parte Peticionaria<br><br>v.<br><br>S/M EL FLAMBOYÁN, INC. REPRESENTADO POR SU PRESIDENTE LUIS RADAI ROMERO LÓPEZ<br><br>Parte Recurrida | KLCE202301471 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Civil Núm.: UT2021CV00466<br><br>Sobre: Despido injustificado; Ley Núm. 80; Discrimen por edad; Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de enero de 2024.

Comparecen los señores Enrique Reyes González, Rubén Toledo Colón y Edgar Cuevas Galarza (parte peticionaria) y solicitan que revoquemos la *Resolución y Orden* emitida el 8 de noviembre de 2023, y notificada el 9 de noviembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Utuado. Mediante el referido dictamen, el foro primario adjudicó una controversia relacionada con el descubrimiento de prueba del caso.

La parte recurrida, S/M Flamboyán, Inc., no compareció en oposición a la expedición del auto.

Examinada la solicitud de la parte peticionaria, y tras un estudio detenido del expediente de autos, resolvemos denegar la expedición del auto de *certiorari*.

**I.**

El 9 de noviembre de 2021, la parte peticionaria incoó una demanda sobre despido injustificado y discrimen por razón de edad en contra de S/M El Flamboyán, Inc. (S/M El Flamboyán), representada por su presidente Luis Radai Romero López. Según las alegaciones, los demandantes de la parte peticionaria trabajaron para S/M El Flamboyán hasta el 19 de mayo de 2020, fecha en que fueron despedidos sin justa causa. Adujeron, además, que fueron discriminados por razón de su edad, por ser personas mayores de 40 años, y haberse reclutado empleados de menor edad o antigüedad. Por lo anterior, solicitaron las indemnizaciones correspondientes, conforme a las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976, según enmendada (Ley Núm. 80) y la Ley Núm. 100 de 30 de junio de 1959, según enmendada (Ley Núm. 100), así como los honorarios de abogado correspondientes.[1]

S/M El Flamboyán presentó su contestación a la demanda el 23 de diciembre de 2021. En su defensa, arguyó que medió justa causa para los despidos, ya que éstos ocurrieron por motivo de la implementación de cambios en la reorganización de la empresa tras la disminución prevaleciente o anticipada de volumen de ganancias o producción, por las cuales sufrió pérdidas económicas sustanciales.

El 25 de mayo de 2022, la parte peticionaria cursó a S/M El Flamboyán un *Primer Interrogatorio, Producción de Documentos y Requerimientos de Admisiones*.

Posteriormente, el 30 de agosto de 2022, la parte peticionaria presentó una *Moción en Solicitud de Orden*. En ésta, pormenorizó que dicha parte aún no había contestado el interrogatorio y, en

---

[1] La parte peticionaria señaló que, previo a radicar la demanda, presentó una querella ante la Unidad Antidiscrimen del Departamento del Trabajo, recibiendo autorización para radicar esta acción judicial mediante notificación enviada por correo el 23 de agosto de 2021.

cuanto al requerimiento de admisiones, indicó que éste fue contestado por el gerente general y administrador de S/M El Flamboyán (Sr. Manuel A. Muñoz), y no por el presidente de la corporación (Sr. Luis Radai Romero López), a quien fue dirigido. La parte peticionaria solicitó al tribunal que dictara una orden dirigida a S/M El Flamboyán para que ésta enmendara los requerimientos de admisiones y contestara el interrogatorio, más la imposición de sanciones por no contestar el descubrimiento de prueba cursado.

En oposición a la moción en solicitud de orden, S/M El Flamboyán adujo que el Sr. Manuel A. Muñoz era un empelado con autoridad suficiente para representar a la empresa y precisar la información objeto del requerimiento de admisiones. Respecto al interrogatorio, S/M El Flamboyán solicitó término para contestarlo.

El 21 de septiembre de 2022, notificada el 26 de septiembre de 2022, el TPI dictó una *Resolución* en la que concedió un término a S/M El Flamboyán para que tanto el requerimiento de admisiones como el interrogatorio fueran contestados por el Sr. Luis Radai Romero López.

El 10 de noviembre de 2022, S/M El Flamboyán presentó las *Contestaciones de la Parte Demandada al Primer Pliego de Interrogatorios de la Parte Demandante*. En dicho documento, el Sr. Luis Radai Romero López contestó algunas preguntas y objetó otras.

No obstante, el 20 de marzo de 2023, la parte peticionaria presentó una *Moción en Solicitud de Orden e Imposición de Sanciones*. En ésta, reseñó los esfuerzos realizados con la parte adversa y las dilaciones e incumplimiento de dicha parte para descubrir la prueba requerida. Por ello, solicitó al tribunal que le ordenara a S/M El Flamboyán descubrir la prueba y que, además,

le impusiera sanciones a tenor con lo dispuesto en la Regla 34 (3) de Procedimiento Civil[2].

Por su parte, en la *Oposición a Moción en Solicitud de Orden e Imposición de Sanciones,* S/M El Flamboyán afirmó haber contestado adecuadamente ciertas preguntas del interrogatorio y objetado aquellas que consideró impertinentes, onerosas o que requerían información concerniente a terceras personas ajenas al litigio.

Posteriormente, las partes presentaron mociones en dúplica y réplica en apoyo a sus respectivas posiciones. Luego, y con el fin de precisar las controversias planteadas en cuanto al descubrimiento, el 29 de junio de 2023, el TPI dictó una orden requiriendo a las partes presentar una moción conjunta en la que identificaran y estipularan: (1) el número y transcripción de la pregunta del interrogatorio objetada; (2) la transcripción fiel y exacta de la contestación completa brindada por S/M El Flamboyán; (3) la objeción de la parte peticionaria a la contestación brindada; (4) la posición de S/M El Flamboyán frente a la objeción.

Las partes presentaron la *Moción conjunta en cumplimiento de orden* el 11 de agosto de 2023. Más tarde, el 9 de noviembre de 2023, el TPI notificó la *Resolución y Orden* recurrida. En el detallado pronunciamiento, el foro primario incluyó la transcripción de las preguntas del interrogatorio objetadas, así como de las respectivas contestaciones, objeciones y réplicas a tales objeciones. Tras detallar el análisis realizado a cada interpelación, el TPI concluyó que S/M El Flamboyán contestó la mayoría de las preguntas en disputa de manera adecuadas. No obstante, calificó de insuficientes, inadecuadas o evasivas las respuestas a las preguntas número 20,

---

[2] 32 LPRA Ap. V, R. .34 (3).

36, 38, 40 y 58. Por tanto, ordenó a S/M El Flamboyán a contestar de manera clara y específica las preguntas así enumeradas.

Por otra parte, el TPI coligió que la parte peticionaria no había logrado demostrar la pertinencia para que se descubrieran los siguientes documentos, los cuales, a su vez, contienen información confidencial de terceras personas ajenas a la controversia: (1) número de seguro social patronal de S/M el Flamboyán; (2) número que identifica y utiliza como patrono en el Departamento del Trabajo y Recursos Humanos y en el Departamento de Hacienda, (3) todos los formularios W-2 de las personas empleadas que ha tenido S/M el Flamboyán para los años 2020, 2021 y 2022, y (4) todos los formularios 1040-PR que S/M el Flamboyán haya rendido ante el Departamento de Hacienda para el periodo entre mayo del 2020 al presente. Por tanto, resolvió que tales documentos estaban fuera del alcance del descubrimiento de prueba.

En resumen, el TPI ordenó a S/M El Flamboyán a contestar las preguntas número 20, 36, 38, 40 y 58 del *Primer Interrogatorio y Producción de Documentos y Requerimiento de Admisiones* que le fue cursado el 25 de mayo de 2022, en un término de veinte (20) días, contados a partir de la notificación del pronunciamiento. La resolución advirtió que la negativa a contestar lo ordenado podría conllevar un desacato contra la parte que incumpla.

El 27 de noviembre de 2023, la parte peticionaria presentó una *Moción de Reconsideración.* Insistió que las respuestas a las preguntas número 4, 6, 8, 9, 13, 41, 43, 44, 45, 47, 49, 50, 51 y 52, del primer interrogatorio no fueron adecuadas, por lo que solicitó al tribunal que le ordenara a S/M El Flamboyán contestarlas apropiadamente. Además, alegó que los documentos que quedaron fuera del alcance de descubrimiento de prueba eran pertinentes para demostrar que los despidos que dieron lugar a la reclamación no obedecieron a la condición financiera de la empresa.

El 28 de noviembre de 2023, el TPI dictó y notificó la *Resolución* que declaró no ha lugar la moción de reconsideración de la parte peticionaria.

Así las cosas, el 29 de noviembre de 2023, S/M El Flamboyán presentó un escrito mediante el cual suplementó las contestaciones ordenadas por el tribunal. En la *Resolución* dictada el 30 de noviembre de 2023, el TPI se dio por enterado de las respuestas notificadas.

El 28 de diciembre de 2023, la parte peticionaria instó el presente recurso de *certiorari* y apuntó el siguiente señalamiento de error:

> Cometió error y abusó de su discreción el Honorable Tribunal de Primera Instancia al ordenar que la parte demandada no tenía que contestar los interrogatorios que se le remitieron el 25 de mayo de 2022 y haciendo el trámite del descubrimiento de prueba tortuoso en violación de las Reglas de Procedimiento Civil y su jurisprudencia interpretativa de liberalidad.

En síntesis, reprodujo los planteamientos esbozados en la moción de reconsideración.

## II.

### A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[3]

En los casos civiles, la Regla 52.1 de Procedimiento Civil[4], delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*.[5] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56,

---

[3] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[4] 32 LPRA Ap. V, R. 52.1.
[5] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

*injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[6] Según lo dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones[7] instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[6] *Íd.*
[7] 4 LPRA Ap. XXII-B, R. 40.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Es decir, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[9]

**B.**

El descubrimiento de prueba permite a las partes descubrir, obtener o perpetuar la prueba necesaria para sustentar sus alegaciones en el acto del juicio. Además, está basado en el principio básico de que antes del juicio, las partes tienen derecho a descubrir toda información relacionada con su caso, independientemente quién la posea. Las normas que regulan el procedimiento de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia, (2) obtener evidencia para ser utilizada en el juicio, evitando una sorpresa en esta etapa de los procedimientos, (3) facilitar la búsqueda de la verdad y (4) perpetuar evidencia. Su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. [10]

---

[8] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[9] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986). Véase, además, *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[10] *Rivera y otros v. Bco. Popular,* supra, págs. 151-152.

Es norma reiterada que el descubrimiento de prueba debe ser amplio y liberal.[11] Únicamente existen dos limitaciones al descubrimiento: (1) que lo que se pretende descubrir no sea materia privilegiada, y (2) que sea pertinente al asunto en controversia.[12]

No obstante, el Tribunal de Primera Instancia tiene entera discreción para establecer las reglas que entienda necesarias para llevar a cabo el descubrimiento de prueba.[13] En ese ejercicio, puede limitar el alcance y los mecanismos de descubrimiento de prueba que habrán de utilizarse, siempre que con ello se adelante la solución de controversias de forma rápida, justa y económica.[14] Esta política tiene el efecto de facilitar la tramitación de los pleitos y evitar los inconvenientes, sorpresas e injusticias que surgen, cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. Además, permite a las partes precisar con exactitud los hechos en controversia, ya que en nuestro ordenamiento procesal el propósito de la demanda es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes.[15]

Cónsono con lo anterior, y como parte de la discreción concedida a los foros primarios en torno al descubrimiento de prueba, éstos están facultados para dictar cualquier orden que entienda justa o necesaria respecto a alguna parte que se negase a descubrir lo solicitado u ordenado. [16]

## III.

La parte peticionaria aduce que el TPI abusó de su discreción al resolver que S/M El Flamboyán solamente debía suplementar algunas, y no todas, las preguntas del interrogatorio, y al dejar fuera

---

[11] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490 (2019).
[12] *Íd.,* pág. 491; Regla 23 de Procedimiento Civil, 32 LPRA Ap. V, R. 23.
[13] *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009).
[14] *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 168 (2001).
[15] *Alvear Maldonado v. Ernst & Young LLP,* 191 DPR 921, 925-926 (2014).
[16] Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3.

del alcance del descubrimiento los documentos especificados en la resolución recurrida.

A tenor con la norma jurídica esbozada, las controversias relativas al manejo del descubrimiento de prueba no están contempladas dentro de las instancias en las que, conforme a Regla 52.1 de Procedimiento Civil, *supra*, procede que se expida el auto de *certiorari*. Por tanto, no se justifica nuestra intervención, salvo que se cumpla algunas de las circunstancias enumeradas en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Como indicamos en el apartado anterior, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento de prueba. Por ello, como foro apelativo, no debemos de intervenir con tal ejercicio, salvo la presencia de un claro error, prejuicio o abuso de discreción.

En este caso, basta revisar el expediente ante nuestra consideración para percatarse de que el foro de primera instancia evaluó punto por punto los planteamientos en torno al descubrimiento de prueba, acogió y denegó solicitudes de ambas partes y, finalmente, ordenó a S/M El Flamboyán suplementar alguna de las contestaciones al primer interrogatorio cursado por la parte peticionaria.

Así pues, realizado el análisis bajo la Regla del Reglamento de este Tribunal, *supra,* no encontramos que, en su determinación, el TPI haya incurrido en un abuso de discreción o que este haya actuado con el prejuicio o en fracaso de la justicia. Tampoco se demostró que el tribunal se haya equivocado en la interpretación o aplicación de una norma procesal y que, intervenir en esta etapa, evitaría un perjuicio sustancial contra cualquiera de las partes.

Por tanto, en ausencia de los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, o de alguno de los consignados en la

Regla 40 de nuestro Reglamento, *supra,* nos abstenemos de intervenir con el dictamen recurrido.

**IV.**

Conforme a lo anteriormente expuesto, se deniega la expedición del auto de *certiorari.*

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones