Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RAFAEL ÁNGEL RIVERA TORRES Y OTROS<br><br>Recurridos<br><br>v.<br><br>HON. SIGFRIDO STEIDEL FIGUEROA<br><br>Recurridos<br><br>UNCLAIMED PROPERTY RECOVERY SERVICES, LLC<br><br>Peticionario | KLCE202301219 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Núm.: SJ2021CV04850<br><br>Sobre: Sentencia Declaratoria |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rivera Torres, Santiago Calderón, Álvarez Esnard

Álvarez Esnard, jueza ponente

## RESOLUCIÓN EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 18 de diciembre de 2023.

Comparece ante nos Unclaimed Property Recovery Services, LLC., ("Unclaimed Property" o "Peticionario"), mediante *Certiorari* presentado el 3 de noviembre de 2023. Nos solicita que revoquemos una *Resolución* emitida el 2 de octubre de 2023, notificada al próximo día, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Mediante esta, el foro *a quo* declaró *No Ha Lugar* la solicitud de orden protectora presentada por la parte Peticionaria.

Por los fundamentos expuestos a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

### I.

El presente caso tiene su origen en una *Demanda de Clase*[1] instada contra el Honorable Sigfrido Steidel Figueroa ("Hon. Steidel Figueroa"), en su calidad de director de la Oficina de Administración

---

[1] Apéndice *certiorari,* págs. 1-13.

de Tribunales ("OAT") y la OAT, (en conjunto, "los Recurridos"), por un grupo de ciudadanos que reclamaban por sí y en representación de todos los miembros que podrían formar parte de la clase, el desembolso de intereses de intereses acumulados de ciertos fondos depositados y que estuvieron bajo custodia judicial. Posteriormente, el 10 de noviembre de 2021, los demandantes presentaron *Segunda Demanda de Clase Enmendada.*[2]

Tras varios trámites en el litigio, los Recurridos presentaron un escrito intitulado *Moción para que se Emita Orden Bajo la Regla 40.8 de Procedimiento Civil.*[3] Por virtud de esta, los Recurridos solicitaron al foro primario que emitiera una orden al amparo de la Regla 40.8 de Procedimiento Civil, 32 LPRA Ap. V, R.40.8, a los fines de que ordenara a Unclaimed Property a recibir la citación a la toma de una deposición. Señalaron que el Peticionario se había negado a recibir la aludida citación y que esta tendría como fin obtener información pertinente a la causa de acción.

En respuesta a la aludida solicitud de los Recurridos, el 1 de octubre de 2023, Unclaimed Property presentó, sin someterse a la jurisdicción, un escrito intitulado *Comparecencia Especial.*[4] En síntesis, alegó que los Recurridos pretendían diligenciar la citación a la deposición por conducto del abogado de la parte demandante, con fines de obtener la descalificación de dicho bufete como representantes legales de dicha parte. Expuso, además, que la información que será objeto de la deposición es una impertinente a la resolución de la controversia planteada.

Evaluados los planteamientos de ambas partes, el 2 de octubre de 2023, notificada al próximo día, el foro *a quo* emitió

---

[2] *Íd*, págs. 14-37.
[3] *Íd*, págs. 53-66.
[4] *Íd*, págs. 67-70.

*Resolución,* en la que declaró *No Ha Lugar* la solicitud de orden protectora instada por el Peticionario y expresó lo siguiente:

> Conforme surge de la Contestación a Segunda Demanda de Clase Enmendada (SUMAC 165), párrafos 31, 34, 37, 40, 43, 46 y 49, en **todos y cada uno de los casos individuales de cada un@ de las partes demandantes se expidieron cheques individuales e independientes <u>a favor de Unclaimed Property Services, LLC</u>**. Dicho reclamo no ha sido controvertido. (Énfasis y subrayado en original).

> De igual manera, al presentar sus defensas afirmativas (SUMAC 165 - Defensas Afirmativas # 9 y 10), la parte demandada reclamó que: 1) en el presente pleito falta parte indispensable; y 2) los demandantes no han agotado los remedios disponibles para reclamar el desembolso de los intereses que son objeto de controversia en este pleito.

> Como resultado de lo anterior, y toda vez que en el presente caso se ha reclamado que **los pagos obtenidos por cada un@ de l@s demandantes (sin intereses) se logró por conducto de Unclaimed Property Services, LLC,** resulta necesario y pertinente que la parte demandada pueda conducir descubrimiento de prueba - entre otros asuntos - en torno a las gestiones que llevó a cabo Unclaimed Property Services, LLC en beneficio de cada un@ de l@s demandantes para agotar los remedios disponibles para solicitar el pago de intereses en cada uno de los casos individuales en los cuales se expidieron cheques independientes a favor de Unclaimed Property Services, LLC. (Énfasis nuestro).

> [...].

En desacuerdo, el 5 de octubre de 2023, Unclaimed Property presentó *Solicitud para que se Aclare Orden y/o de Reconsideración,* la cual fue declarada *No Ha Lugar* mediante *Orden* emitida y notificada el 10 de octubre de 2023.[5]

Inconforme, el 3 de noviembre de 2023, el Peticionario acudió ante esta Curia y le imputó al foro primario la comisión del siguiente error:

> Cometió error y craso abuso de su discreción el Tribunal de Primera Instancia al denegar la orden protectora solicitada por una entidad jurídica que no es parte del litigio como lo es Unclaimed Property Recovery Services, LLC y ordenarle a someterse a una deposición mediante la cual la demandante-recurrida pretende obtener información que no es pertinente a la única controversia jurídica que pende ante el Tribunal de Primera Instancia.

---

[5] *Íd,* págs. 87-89 y 100.

El 8 de noviembre de 2023, esta Curia emitió *Resolución* en la que le concedimos un término de diez (10) días a la parte Recurrida para que mostrara causa por la cual no se debía expedir el auto de *certiorari* y revocar la determinación recurrida. El 8 de junio de 2023, la parte Recurrida presentó su *Oposición a Petición de Certiorari.*

Posteriormente, el 30 de noviembre de 2023, esta Curia emitió y notificó *Resolución,* en la que desestimamos el recurso de epígrafe por falta de jurisdicción. En desacuerdo, el 6 de diciembre de 2023, Unclaimed Property presentó *Solicitud de Reconsideración,* la cual fue acogida mediante *Resolución* emitida el 11 de diciembre de 2023.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### A. Certiorari

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718 (2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones

de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra*, págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de

Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. *Descubrimiento de prueba*

La Regla 23 de Procedimiento Civil regula lo concerniente al alcance del descubrimiento de prueba. 32 LPRA Ap. V, R. 23. El descubrimiento de prueba persigue: 1) precisar los asuntos en controversia; 2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresa en esta etapa de los procedimientos; 3) facilitar la búsqueda de la verdad; y 4) perpetuar evidencia. Conforme a ello, ha sido reiterado por el Tribunal Supremo de Puerto Rico que el procedimiento para descubrir prueba en la litigación civil está concebido como uno amplio y liberal. *Scotiabank v. ZAF Corp. et al., supra,* pág. 490*; Berríos Falcón v. Torres Merced,* 175 DPR 962, 971 (2009).

Sin embargo, esta liberalidad no debe interpretarse como una absoluta. Existen dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y (2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. 32 LPRA Ap. V., R.23.1; *Scotiabank v. ZAF Corp. et al., supra.* El concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *Íd.* **"Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia."** *Alfonso Brú v. Trane Export, Inc.,* 155 DPR 158, 1687 (2001)*.* El criterio de pertinencia incluye todos los asuntos que puedan tener cualquier relación con la materia objeto del pleito, aunque no estén relacionados con las controversias específicas esbozadas en las alegaciones. *ELA v. Casta,* 162 DPR 1, 10 (2004). En lo concerniente a materia privilegiada, se refiere exclusivamente a los privilegios

reconocidos en las Reglas de Evidencia, 31 LPRA Ap. VI; *E.L.A. v. Casta, supra.* En ausencia de un privilegio específico reconocido por dichas reglas probatorias no procede objeción alguna a un descubrimiento de prueba bajo ese fundamento. *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001).

**III.**

Expuesto el marco jurídico y ponderados los argumentos presentados por ambas partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa tan temprana de los procedimientos. De conformidad con la Regla 52.1 de Procedimiento Civil, *supra,* la parte Peticionaria no logró demostrar que se cumplen con los requisitos para expedir el auto de *certiorari.* Asimismo, al amparo de los criterios que guían nuestra discreción instituidos en la Regla 40 de nuestro Reglamento, *supra,* no intervendremos en la determinación recurrida. En ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario. La parte Peticionaria no ha demostrado que el foro de instancia se excedió en el ejercicio de su discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por tanto, procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones