Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| RAFAEL ÁNGEL RIVERA TORRES Y OTROS<br><br>Peticionarios<br><br>v.<br><br>HON. SIGFRIDO STEIDEL FIGUEROA<br><br>Recurridos | KLCE202301372 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Núm.:<br>SJ2021CV04850<br>(906<br><br>Sobre:<br>Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Rivera Torres, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de enero de 2024.

Comparece ante nos Rafael Ángel Rivera Torres, Shalimar Lopez Martínez, Juan Gómez Rodríguez, Ricardo José Santos Vargas, Madeline Campis Maldonado, Emanuel Díaz Rodríguez, Darryl Michael Ramsey Ferguson, Luis Raúl Díaz Mejía, por sí y en representación de todas aquellas personas igualmente situadas (en conjunto, los Peticionarios"), mediante *Petición de Certiorari* presentada el 6 de diciembre de 2023. Nos solicita que revoquemos una *Orden* emitida el 10 de noviembre de 2023, notificada el 13 del mismo mes y año, por el Tribunal de Primera Instancia, Sala Superior de San Juan ("foro primario" o "foro *a quo*"). Mediante esta, el foro *a quo* ordenó la toma de deposiciones a los Peticionarios que residen en Puerto Rico los días 16 al 19 y/o los días 24 al 26 de enero de 2024 en las oficinas de McConnell Valdés, LLC., ubicadas en San Juan.

Por los fundamentos expuestos a continuación, **denegamos** la expedición del auto de *certiorari.*

## I.

El presente caso tiene su origen en una *Demanda de Clase[1]* instada contra el Honorable Sigfrido Steidel Figueroa ("Hon. Steidel Figueroa"), en su calidad de director de la Oficina de Administración de Tribunales ("OAT") y la OAT, (en conjunto, "los Recurridos"), por los Peticionarios que reclamaban por sí y en representación de todos los miembros que podrían formar parte de la clase, el desembolso de intereses acumulados de ciertos fondos depositados y que estuvieron bajo custodia judicial. Posteriormente, el 10 de noviembre de 2021, los demandantes presentaron *Segunda Demanda de Clase Enmendada.[2]*

Tras varios trámites en el litigio, el 22 de junio de 2023, los Recurridos presentaron un escrito intitulado *Moción para que se tome conocimiento judicial, en cumplimiento de orden, para que se ordene a descubrir lo solicitado y para que se impongan honorarios de abogado.[3]* Por virtud de este, informaron al foro primario que los Peticionarios se habían negado a la toma de deposiciones, aduciendo que eran impertinentes a las alegaciones de la *Segunda Demanda de Clase Enmendada.* En vista de ello, solicitaron que se ordenara a los Peticionarios a ofrecer varias fechas hábiles para la toma de las deposiciones. Solicitaron, además, la imposición de honorarios de abogado por temeridad.

Evaluada la solicitud de los Recurridos, el 23 de junio de 2023, notificada al próximo día, el foro primario emitió *Orden,[4]* en la que determinó lo siguiente:

> Se conceden 3 días a la parte demandante [Peticionarios] para que confirme con la parte demandada [Recurridos] las fechas y horas específicas

---

[1] Apéndice *certiorari,* págs. 1-13.
[2] *Íd,* págs. 14-37.
[3] *Íd,* págs. 53-60.
[4] *Íd,* pág. 61.

en que se tomarán las deposiciones de cada uno(a) de los/las demandantes [...].

En desacuerdo, los Peticionarios presentaron un escrito intitulado *Oposición a "que se ordene descubrir lo solicitado y para que se impongan honorarios de abogado" y en solicitud para que se tome conocimiento judicial.* Mediante dicho escrito, los Peticionarios arguyeron que la información que pretende obtener los Recurridos no es pertinente a la controversia. En particular, señalaron que los Recurridos solicitaron la deposición con el fin de descubrir las gestiones realizadas por los Peticionarios para procurar el pago de los intereses, lo cual es de fácil corroboración mediante el examen de los expedientes judiciales de cada caso subyacente de los Peticionarios. Por lo cual, indicaron que la toma de deposiciones es una estrategia de los Recurridos para retrasar los procedimientos.

El 24 de junio de 2023, notificada el 27 del mismo mes y año, el foro primario emitió *Orden* en la que determinó lo siguiente:

> Atendida como una *Solicitud de Orden Protectora*, al amparo de la Regla 23.2 de Procedimiento Civil, y por no haberse justificado razón alguna para su expedición, se declara NO HA LUGAR. Como parte que movió la maquinaria judicial, los demandantes están sujetos a los mecanismos de descubrimiento de prueba que proveen las Reglas de Procedimiento Civil. Se conceden 24 horas para que las partes coordinen las fechas de deposición de los demandantes, so pena de severas sanciones económicas a su representación legal.
> [...].

Transcurridos varios trámites procesales, el 30 de octubre de 2023, los Recurridos presentaron *Moción para que se ordene a los demandantes residentes de Puerto Rico a comparecer a sus deposiciones.[5]* En esta, señalaron que habían realizado intentos de buena fe con la parte Peticionaria para la toma de las deposiciones. No obstante, los Peticionarios no habían presentado fechas hábiles para la celebración de las mismas, a pesar de tales fechas haber sido solicitadas en múltiples ocasiones. Por lo cual, solicitaron que las

---

[5] *Íd,* págs. 150-152.

deposiciones de los Peticionarios que residen en Puerto Rico fueran celebradas en las oficinas McConnell Valdes, LLC ubicadas en San Juan.

En vista de tal solicitud, el 10 de noviembre de 2023, notificada el 13 del mismo mes y año, el foro *a quo* emitió la *Orden*[6] recurrida en la que ordenó que las deposiciones de los Peticionarios que residen en Puerto Rico fueran celebradas en las oficinas de McConnell Valdes, LLC., los días 16 al 19 y/o 24 al 26 de enero de 2024. A su vez, advirtió que "el incumplimiento con esta *Orden* conllevará severas sanciones".

Inconforme con tal determinación, el 6 de diciembre de 2023, los Peticionarios acudieron ante esta Curia y le imputaron al foro primario la comisión del siguiente error:

> Cometió grave error y abusó de discreción el Tribunal de Primera Instancia al denegar que las deposiciones de los demandantes se tomen en su lugar de residencia y, en su lugar, obligarles a comparecer a las oficinas de McConnell Valdés para ser depuestos.

El 11 de diciembre de 2023, esta Curia emitió *Resolución* en la que le concedimos un término de diez (10) días a la parte Recurrida para que mostrara causa por la cual no se debía expedir el auto de *certiorari* y revocar la determinación recurrida. El 22 de diciembre de 2023, la parte Recurrida presentó su *Oposición a Petición de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.
### *A. Certiorari*

"[U]na resolución u orden interlocutoria, distinto a una sentencia, es revisable mediante *certiorari* ante el Tribunal de Apelaciones". *JMG Investment v. ELA et al.*, 203 DPR 708, 718

---

[6] *Íd,* págs. 163-166.

(2019). "El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior". *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR ___ (2023); 2023 TSPR 46, resuelto el 12 de abril de 2023.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R.52.1, establece que el recurso de *certiorari* solo se expedirá cuando se recurra de (1) una resolución u orden sobre remedios provisionales o *injunction* o (2) la denegatoria de una moción de carácter dispositivo. Por excepción, se puede recurrir también de (1) decisiones sobre la admisibilidad de testigos o peritos; (2) asuntos de privilegios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia, o (4) en casos que revistan interés público. *Íd.* De igual manera, puede revisarse "cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia". *Íd.* Los límites a la facultad revisora del foro apelativo tienen como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478, 486-487 (2019).

No obstante, la discreción del tribunal apelativo en este aspecto no opera en un vacío ni sin parámetros. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 712 (2019). La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que se deben tomar en consideración al evaluar si procede expedir un auto de *certiorari*. Estos criterios son:

    (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

    (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)	Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)	Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)	Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F)	Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)	Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El Tribunal Supremo ha expresado que la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Mun. de Caguas v. JRO Construction, supra,* págs. 712-713. No obstante, "[a]l denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión". 32 LPRA Ap. V, R. 52.1.

### B. *Descubrimiento de prueba*

La Regla 23 de Procedimiento Civil regula lo concerniente al alcance del descubrimiento de prueba. 32 LPRA Ap. V, R. 23. El descubrimiento de prueba persigue: 1) precisar los asuntos en controversia; 2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresa en esta etapa de los procedimientos; 3) facilitar la búsqueda de la verdad; y 4) perpetuar evidencia. Conforme a ello, ha sido reiterado por el Tribunal Supremo de Puerto Rico que el procedimiento para descubrir prueba en la litigación civil está concebido como uno amplio y liberal. *Scotiabank v. ZAF Corp. et al., supra,* pág. 490*; Berríos Falcón v. Torres Merced,* 175 DPR 962, 971 (2009).

Sin embargo, esta liberalidad no debe interpretarse como una absoluta. Existen dos limitaciones fundamentales al descubrimiento: (1) no puede descubrirse materia privilegiada, según los privilegios que se reconocen en las Reglas de Evidencia, y

(2) la materia a descubrirse tiene que ser pertinente al asunto en controversia. 32 LPRA Ap. V., R.23.1; *Scotiabank v. ZAF Corp. et al.*, *supra*. El concepto de pertinencia para propósitos del descubrimiento de prueba, aunque impreciso, debe ser interpretado en términos amplios. *Íd.* **"Así, para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia."** *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 1687 (2001). El criterio de pertinencia incluye todos los asuntos que puedan tener cualquier relación con la materia objeto del pleito, aunque no estén relacionados con las controversias específicas esbozadas en las alegaciones. *ELA v. Casta*, 162 DPR 1, 10 (2004). En lo concerniente a materia privilegiada, se refiere exclusivamente a los privilegios reconocidos en las Reglas de Evidencia, 31 LPRA Ap. VI; *E.L.A. v. Casta, supra*. En ausencia de un privilegio específico reconocido por dichas reglas probatorias no procede objeción alguna a un descubrimiento de prueba bajo ese fundamento. *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001).

### III.

Expuesto el marco jurídico y ponderados los argumentos presentados por ambas partes, resolvemos que no se han producido las circunstancias que exijan nuestra intervención en esta etapa de los procedimientos. De conformidad con la Regla 52.1 de Procedimiento Civil, *supra,* la parte Peticionaria no logró demostrar que se cumplen con los requisitos para expedir el auto de *certiorari.* Asimismo, al amparo de los criterios que guían nuestra discreción instituidos en la Regla 40 de nuestro Reglamento, *supra,* no intervendremos en la determinación recurrida. En ausencia de abuso de discreción, este foro no debe intervenir con las determinaciones del foro primario. La parte Peticionaria no ha demostrado que el foro *a quo* se excedió en el ejercicio de su

discreción, ni que erró en la interpretación del derecho. Tampoco constató que el abstenernos de interferir en la determinación recurrida constituiría un fracaso irremediable de la justicia en esta etapa de los procesos. Por tanto, procede que se deniegue el recurso de *certiorari* de epígrafe.

**IV.**

Por los fundamentos expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones