ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **CIRILO HERNÁNDEZ HERNÁNDEZ, LLC MARTHA M. PADRÓN HERNÁNDEZ, JAVIER HERNÁNDEZ TRUST y OTROS**<br><br>Recurridos<br><br>v.<br><br>**REFRICENTRO, INC., JOSÉ CIRILO HERNÁNDEZ GARCÍA, LUIS E. LAGO MARRERO**<br><br>Peticionarios | KLCE202500490 | **CERTIORARI** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2021CV01941**<br><br>Sobre: Reposesión de Bienes Muebles |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece ante nos el señor José C. Hernández García (Sr. Hernández García), el señor Luis E. Lago Marrero y Refricentro, Inc. (Refricentro) (en conjunto, parte peticionaria) mediante un *Certiorari* en el que solicita que revoquemos una *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, (TPI) el 5 de marzo de 2025.[1] Por medio de dicho dictamen, el foro primario declaró Ha Lugar la *Moción Solicitando Remedio Postsentencia* presentada el 24 de enero de 2025 por la Sucesión de Don Pedro Arvesú Gasset, compuesta por su viuda Teresa Irma López Arias y sus hijos Pedro e Irma Arvesú López (en conjunto Sucesión Arvesú Gasset).[2] En su consecuencia, el foro primario ordenó al Secretario de Refricentro a inscribir, dentro de diez (10)

---

[1] Apéndice del recurso de *certiorari*, págs. 424-425. Notificada y archivada en auto el 7 de marzo de 2025.
[2] *Íd.*, págs. 407-409; véase, además, *Íd.*, págs. 422-423.

días, 92,581 acciones adquiridas por la Sucesión Arvesú Gasset por medio de una compraventa.

El 21 de mayo de 2025, emitimos una *Resolución* declarando No Ha Lugar la solicitud de desestimación presentada por la Sucesión Arvesú Gasset el 15 de mayo de 2025. Asimismo, el 28 de mayo de 2025, denegamos su petición de reconsideración radicada el 23 de mayo de 2025.

Por lo fundamentos que pormenorizamos a continuación, y en el ejercicio de nuestra discreción, expedimos el recurso de *certiorari,* y revocamos la *Resolución Interlocutoria* recurrida.

**I.**

El caso de marras tiene su génesis el 26 de marzo de 2021 cuando Cirilo Hernández Hernández, LLC (Hernández LLC) y otros (parte recurrida) presentaron una *Demanda* en contra de la parte peticionaria y el señor Francisco Palacio Padilla (Sr. Palacio Padilla).[3] En lo pertinente, suplicaron del foro primario que determinara si el señor Cirilo C. Hernández Hernández (señor Hernández Hernández) tenía derecho a ordenar que se emitiesen nuevos certificados de acciones que él supuestamente había permutado a favor de Hernández LLC.

Por su parte, la parte peticionaria radicó su *Contestación a Demanda* el 26 de abril de 2021.[4]

Luego de evaluar la solicitud de sentencia sumaria presentada por la parte recurrida el 2 de diciembre de 2021,[5] y la oposición radicada el 28 de enero de 2022 por la parte peticionaria,[6] el foro

---

[3] *Íd.*, págs. 1-78; véase además, Entrada Núm. 63 del Sistema Unificado de Manejo y Administración de Casos (SUMAC) (El TPI emitió una *Sentencia Parcial* el 11 de abril de 2022, notificada y archivada el siguiente día, en la que declaró Ha Lugar la solicitud de desistimiento presentada por la parte recurrida en contra del Sr. Palacio Padilla, y, en su consecuencia, ordenó el cierre y archivo del caso por desistimiento, sin perjuicio, conforme a la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1).
[4] *Íd.*, págs. 79-86.
[5] Véase, Entrada Núm. 35 del SUMAC.
[6] Véase, Entrada Núm. 48 del SUMAC.

primario emitió una *Sentencia* el 8 de mayo de 2022.[7] Por medio de esta, declaró Ha Lugar la solicitúd de sentencia sumaria, y ordenó a la parte peticionaria a emitir los certificados de las acciones a favor de Hernández LLC.

Sin embargo, el TPI emitió una segunda *Sentencia* el 26 de octubre de 2022,[8] en la que declaró Ha Lugar una moción de reconsideración y solicitud de determinación de hechos adicionales presentada por la parte peticionaria el 23 de mayo de 2022.[9] En su consecuencia, el foro *a quo* dejó sin efecto la *Sentencia* emitida el 8 de mayo de 2022, y desestimó la demanda del caso de epígrafe. Además, ordenó lo siguiente:

> Bajo las circunstancias del presente caso, entendemos como razonable que, **en un plazo de treinta (30) días, Refricentro o sus accionistas informen a Hernández, LLC su intención de adquirir todas o la parte de las acciones disponibles para cada cual, contados a partir de la notificación de esta *Sentencia*. Si Refricentro o sus accionistas no adquieren las acciones al cabo de ese plazo, quedará cumplida la oferta y cimentada de manera irrevocable la Permuta y el consecuente dominio de Hernández, LLC sobre las referidas acciones.**[10]

(Énfasis suplido).

El 23 de noviembre de 2022, Refricentro y el Sr. Hernández García presentaron su moción en cumplimiento indicando su interés de adquirir todas las acciones disponibles.[11]

El 1 de diciembre de 2022, la parte recurrida radicó una moción en cumplimiento en la que informó que la Sucesión Arvesú Gasset- **quien no era ni es parte en el caso de referencia**- sometió dos ofertas, y, consecuentemente, lograron perfeccionar la compraventa de las acciones.[12] Añadió que fueron las únicas ofertas que recibió, y, así, suplicó del TPI que ordenara al secretario de

---

[7] Apéndice del recurso de *certiorari*, págs. 87-99. Notificada y archivada en autos el 9 de mayo de 2022.
[8] *Íd.*, págs. 354-370. Notificada y archivada en autos el 31 de octubre de 2022.
[9] *Íd.*, págs. 100-225.
[10] *Íd.*, pág. 369.
[11] *Íd.*, págs. 371-373.
[12] *Íd.*, págs. 374-380.

Refricentro a expedir unos certificados de las acciones a nombre de los tenedores nuevos.

La parte peticionaria se opuso a lo anterior el 23 de enero de 2023, y suplicó del TPI que se denegara la petición de la parte recurrida.[13] Sostuvo que la compraventa violó la *Sentencia* el 26 de octubre de 2022, notificada el 31 de octubre de 2022, al igual que los reglamentos de la empresa. Lo anterior, porque intentaba privar a la corporación y a los accionistas elegibles de participar en el proceso de valorización de acciones sujeta a dicha compraventa, y de poder comprarlas de conformidad con dicha sentencia. De igual modo, levantó que la Sucesión Arvesú Gasset no era parte en el caso, y que los miembros de esta no eran accionistas de Refricentro.

El 24 de enero de 2023, el TPI emitió una determinación intitulada *"NO HA LUGAR MOCI[Ó]N [92][93]"*.[14] Específicamente sostuvo que:

> Evaluada la *"Moción de las partes demandantes Cirilo Hern[á]ndez Hern[á]ndez, Llc, Et Al, Informando Cumplimiento de Sentencia y Solicitando Retenga y Ejerza Jurisdicción"* presentada por la parte demandante [92][93], junto con las posturas en *"Oposición"* a la misma presentadas por la parte demandada [97], **se acogen los fundamentos presentados <u>por la parte demandada</u> y se declara <u>Ha Lugar</u> la Segunda [97]**; y No Ha Lugar la Primera [92][93]. **En consecuencia, somos del criterio que existiendo una sentencia final y firme, <u>no existe ninguna controversia que atender y ningún remedio que proveer</u>**.[15]

(Énfasis suplido).

El 24 de enero de 2025, la Sucesión Arvesú Gasset radicó una *Moción Solicitando Remedio Postsentencia* como "interventora" y "beneficiaria de la *Sentencia* emitida el 31 de octubre de 2022", a base de la Regla 51.6 de Procedimiento Civil, *supra*, R. 51.6.[16] Expuso que, luego de ser notificada de dicha sentencia, entró en los

---

[13] *Íd.*, págs. 391-404.
[14] *Íd.*, págs. 405-406. Notificada y archivada en autos el 24 de enero de 2023.
[15] *Íd.*, pág. 406.
[16] *Íd.*, págs. 407-409.

acuerdos necesarios, y adujo que esa determinación "determinó un derecho preferencial de adquisición de las acciones de Refricentro, Inc. a los accionistas de la Corporación".[17] Arguyó que, no obstante, lo anterior, el secretario de Refricentro se negó a emitir dicho certificado de acciones en incumplimiento con la sentencia, y solicitó del TPI que se ordenara la inscripción de las 92,581 acciones adquiridas por la Sucesión Arvesú Gasset, durante la compraventa.

El 25 de enero de 2025, el TPI concedió 20 días para que las partes expresaran su posición, so pena de conceder los remedios solicitados sin más.[18]

El 19 de febrero de 2025, la Sucesión Arvesú Gasset reiteró su solicitud sobre la inscripción de las acciones.[19]

El 5 de marzo de 2025, el TPI emitió la *Resolución Interlocutoria* recurrida en la que declaró Ha Lugar la solicitud de la Sucesión Arvesú Gasset, y ordenó al secretario de Refricentro a inscribir 92,581 acciones adquiridas por la Sucesión Arvesú Gasset mediante compraventa.

Insatisfecha, la parte peticionaria presentó una *Moción de Reconsideración* el 13 de marzo de 2025 donde expuso que la Sucesión Arvesú Gasset no salió beneficiada de la sentencia ni tenía derecho a intervenir en el pleito de marras.[20] Expresó también que el foro primario había denegado el mismo remedio solicitado por la Sucesión Arvesú Gasset, cuando la parte recurrida lo suplicó el 1 de diciembre de 2022. De igual modo, la parte peticionaria solicitó del TPI que tomara conocimiento judicial sobre unas determinaciones emitidas por dicho foro en el caso *Refricentro, Inc., et al. v. José C. Hernández García, et al.*, SJ2022CV02075, incluyendo una

---

[17] *Íd.*, pág. 408.
[18] Apéndice de la oposición al recurso de *certiorari*, Anejo 4. Notificada y archivada en autos el 27 de enero de 2025.
[19] Apéndice del recurso de *certiorari*, págs. 422-423.
[20] *Íd.*, págs. 426-506.

*Sentencia* dictada por este Tribunal en el caso número KLAN202301058 con relación a dicho pleito.

Por su parte, la Sucesión Arvesú Gasset presentó su oposición a la solicitud de reconsideración el 21 de marzo de 2025,[21] y arguyó que el traspaso de las acciones había sido validado por la *Sentencia* emitida por el foro primario el 26 de octubre de 2022.

El 3 de abril de 2025, el foro primario emitió una *Resolución Interlocutoria,* denegando la petición de reconsideración.[22] En lo pertinente, expresó que "[l]os argumentos de la solicitud de reconsideración están fuera de tiempo. Por otro lado, este tribunal solo puede considerar los hechos del caso de epígrafe, ya que no tiene casos consolidados".[23]

Inconforme, la parte peticionaria presentó ante nos un recurso de *certiorari* el 5 de mayo de 2025, y levantó los siguientes planteamientos de error:

> **1. ERRÓ EL TPI AL ENTRETENER LA SOLICITUD DE REMEDIO PRESENTADA ANTE EL TPI POR LOS MIEMBROS DE LA SUCESIÓN ARVERS[Ú] EN AUSENCIA DE JURISDICCIÓN PARA ATENDER LA MISMA Y AUN CUANDO ESTOS CARECEN DE LEGITIMACIÓN ACTIVA PARA SOLICITAR REMEDIO ALGUNO ANTE EL TPI.**

> **2. ERRÓ EL TPI AL CONCLUIR QUE LA RECONSIDERACIÓN PRESENTADA POR LOS PETICIONARIOS EL 13 DE MARZO DE 2025, DE LA RESOLUCIÓN INTERLOCUTORIA EMITIDA EL 5 DE MARZO DE 2021, ARCHIVADA EN AUTOS Y NOTIFICADA EL 7 DE MARZO DE 2025, FUE PRESENTADA FUERA DE T[É]RMINO.**

> **3. ERRÓ EL TPI AL NEGARSE A TOMAR CONOCIMIENTO JUDICIAL DE LAS [Ó]RDENES Y DETERMINACIONES TOMADAS POR EL TPI Y EL TA EN LOS CASOS *REFRICENTRO, INC., ET AL V. JOSÉ C. HERNÁNDEZ GARCÍA, ET AL, NÚM. KLAN202301058 Y REFRICENTRO, INC., ET AL V. JOSÉ C. HERNÁNDEZ GARCÍA, ET AL, CIVIL NÚM. SJ2022CV02075.***

---

[21] *Íd.*, págs. 507-523.
[22] *Íd.*, págs. 524-526. Notificada y archivada en autos el 4 de abril de 2025.
[23] *Íd.*, pág. 526.

El 15 de mayo de 2025, la Sucesión Arvesú Gasset radicó una *Moción de Desestimación por Falta de Notificación Oportuna conforme a la Regla 13 (B) (2) del Reglamento del Tribunal de Apelaciones*.

Los días 16, 19 y 23 de mayo de 2025, la parte peticionaria presentó una *Moción Urgente en Oposición a Moción de Desestimación*, una *Moción Informativa*, y una *Moción en Cumplimiento de Orden*, respectivamente.

El 21 de mayo de 2025, emitimos una *Resolución* declarando No Ha Lugar la solicitud de desestimación de la Sucesión Arvesú Gasset.

Los días 23 y 27 de mayo de 2025, la Sucesión Arvesú Gasset radicó una *Moción Solicitando Reconsideración* y *Oposición a Solicitud de Expedición de Auto*. En lo pertinente, la Sucesión Arvesú Gasset adujo en su oposición que, como la parte peticionaria había incumplido con el término de veinte (20) días para expresarse sobre la solicitud de remedio realizada por la Sucesión Arvesú Gasset, renunció a presentar argumentos sobre la misma por medio de la moción de reconsideración. Además, la Sucesión Arvesú Gasset expuso que, como supuestamente había adquirido un derecho preferencial de adquisición sobre las acciones de Refricentro por medio de la *Sentencia* emitida el 26 de octubre de 2022, podía comparecer en el presente pleito, conforme a la Regla 51.6 de Procedimiento Civil, *supra*, y suplicar el remedio post-sentencia. Por último, la Sucesión Arvesú Gasset expresó que el foro primario no había incidido al no tomar conocimiento judicial sobre el caso civil número SJ2022CV02075, ya que la *Sentencia* emitida el 26 de octubre de 2022 había advenido final y firme, resolviendo así el planteamiento del traspaso de las acciones a Hernández LLC.

El 28 de mayo de 2025, denegamos la petición de reconsideración radicada por la Sucesión Arvesú Gasset.

Ese mismo día, la parte recurrida presentó una *Moción de las Partes Recurridas-Demandantes Cirilo Hern[á]ndez Hern[á]ndez LLC, et al en Cumplimiento de Orden*. Adujo que había firmado un acuerdo transaccional con la parte peticionaria el 14 de abril de 2025, por lo que indicó que se abstenía de realizar argumentos sobre el recurso de *certiorari*.

## II.

## A.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de León, Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174-175 (2020). En los casos civiles, la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, delimita las instancias en las que procede que el Tribunal de Apelaciones expida el recurso de *certiorari*. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, *supra*, pág. 1004; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 486-487 (2019). La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución interlocutoria bajo remedios provisionales de la Regla 56 de Procedimiento Civil, *supra*, R. 56; *injunctions* de la Regla 57 de Procedimiento Civil, *supra*, R. 57; o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un

fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*; véase, además, *Scotiabank de Puerto Rico v. ZAF Corporation, supra*, pág. 487. Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, instituye los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone al Tribunal de Apelaciones la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede que este foro superior se abstenga de expedir el auto solicitado. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-98 (2008).

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735-736 (2018). Por ende, el Tribunal de Apelaciones no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, *supra*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

**B.**

La Regla 51 de Procedimiento Civil, *supra*, R. 51, establece lo relativo al proceso de ejecución de sentencia. *Igaravidez v. Ricci*, 147 DPR 1,7 (1998). La parte a cuyo favor se dicte una sentencia podrá ejecutarla en cualquier momento, dentro de cinco (5) años de esta advenir firme, por medio del procedimiento fijado en la Regla 51.1 de Procedimiento Civil, *supra*, R. 51.1. De expirarse este término, la sentencia podrá ejecutarse mediante una autorización del tribunal, a moción de parte, y previa notificación de las partes. Regla 51.1 de Procedimiento Civil, *supra*; *Igaravidez v. Ricci*, *supra*.

Ahora bien, el proceso para ejecutar o hacer efectiva una sentencia en casos de cobro de dinero, se rige por la Regla 51.2 de Procedimiento Civil, *supra*, R. 51.2. Mientras que la Regla 51.3 de Procedimiento Civil, *supra*, R. 51.3, aplica en procedimientos en pleitos para realizar actos específicos, ejecución de hipotecas y otros gravámenes. En lo pertinente, la Regla 51.6 de Procedimiento Civil, *supra*, contempla que mandamientos judiciales a favor y en contra de no litigantes. Específicamente, esta regla dispone lo siguiente:

**Cuando se dicte una orden a favor de una persona que no sea parte en el pleito, ésta podrá exigir su cumplimiento mediante el mismo procedimiento, como si fuera una de las partes.** Cuando una persona que no sea parte en el pleito pueda ser obligada al cumplimiento de una orden, dicha persona estará sujeta al mismo procedimiento para obligarla a cumplir la orden, como si fuera una parte.

(Énfasis suplido).

La Regla 51.6 de Procedimiento Civil, *supra*, "contempla las situaciones en que una persona que no haya sido parte pueda verse afectada por un procedimiento de ejecución". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ª ed. rev., San Juan, Ed. LexisNexis, 2017, pág. 650. En otras palabras, una vez se dicta una sentencia, se crea un estado de derecho que la persona litigante puede exigir que sea reconocido y debidamente validado. J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ª ed. rev., Colombia, 2012, pág. 301. Por lo tanto, aunque se dicte una orden a favor de una persona que no es parte en el caso, esta "podrá exigir su cumplimiento mediante el mismo procedimiento, como si fuera una de las partes". Regla 51.6 de Procedimiento Civil, *supra*.

## C.

Es harto conocido que "'los tribunales tienen el poder inherente de reconsiderar sus determinaciones, a solicitud de parte o *motu proprio*, siempre que, al actuar de esa manera, todavía conserven jurisdicción sobre el caso'". *División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico*, 212 DPR 742, 748 (2023) (*citando a Pueblo v. Román Feliciano*, 181 DPR 679, 684 (2011)). La moción de reconsideración es el mecanismo que se utiliza para que un tribunal modifique su determinación y corrija los errores en los cuales haya incurrido. *División de Empleados Públicos de la Unión*

*General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico, supra,* pág. 748.

Dicho mecanismo está regido por la Regla 47 de Procedimiento Civil, *supra,* R. 47. En lo pertinente, esta regla dispone que la parte adversamente afectada por una orden o resolución del foro primario puede presentar una moción de reconsideración, dentro de un término de cumplimiento estricto de quince (15) días desde la fecha de notificación de la orden o resolución. Una vez la presente, los términos para recurrir en alzada quedarán interrumpidos para todas las partes, y comenzarán a correr nuevamente desde la fecha en que se archive en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. De igual modo, dentro de los quince (15) días establecidos para presentar la moción de reconsideración ante el TPI, la parte afectada deberá notificarle la misma a las demás partes de forma simultánea, y dicho término es de cumplimiento estricto. Regla 47 de Procedimiento Civil, *supra.* Este efecto interruptor está condicionado a que el foro primario pase juicio sobre si la moción de reconsideración cumplió con las exigencias de la Regla 47 de Procedimiento Civil, *supra. División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico, supra,* págs. 752-753. En otras palabras, aun cuando se presente la moción de reconsideración en el término dispuesto para ello, no tendrá el efecto de paralizar los términos si se incumple con la citada regla, incluyendo el requisito de notificársela a las demás partes. *División de Empleados Públicos de la Unión General de Trabajadores v. Cuerpo de Emergencias Médicas de Puerto Rico, supra,* pág. 753; *Rivera Marcucci et al. v. Suiza Dairy,* 196 DPR 157, 174 (2016).

**D.**

La Regla 201 de Evidencia, 32 LPRA VI, R. 201, versa sobre el conocimiento judicial de hechos adjudicativos. En otras palabras,

trata sobre los hechos que están en controversia a base de las alegaciones y el derecho sustantivo aplicable. *U.P.R. v. Laborde Torres y Otros,* 180 DPR 253, 275-276 (2010); *Pérez v. Mun. de Lares,* 155 DPR 163, 704 (2001). Específicamente, la Regla 201 de Evidencia, *supra,* dispone que:

> (A) Esta Regla aplica solamente al conocimiento judicial de hechos adjudicativos.
> **(B) El Tribunal podrá tomar conocimiento judicial solamente de aquel hecho adjudicativo que no esté sujeto a controversia razonable porque:**
> **(1) es de conocimiento general dentro de la jurisdicción territorial del Tribunal, o**
> **(2) es susceptible de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada.**
> **(C) El Tribunal podrá tomar conocimiento judicial a iniciativa propia o a solicitud de parte. <u>Si es a solicitud de parte y ésta provee información suficiente para ello, el Tribunal tomará conocimiento judicial.</u>**
> (D) Las partes tendrán derecho a ser oídas en torno a si procede tomar conocimiento judicial. De no haber sido notificada oportunamente por el Tribunal o por la parte promovente, la parte afectada podrá solicitar la oportunidad de ser oída luego de que se haya tomado conocimiento judicial.
> **(E) El Tribunal podrá tomar conocimiento judicial <u>en cualquier etapa de los procedimientos, incluyendo la apelativa.</u>**
> (F) En casos criminales ante Jurado, la Jueza o el Juez instruirá a las personas miembros del Jurado que pueden, pero no están obligados a aceptar como concluyente cualquier hecho del cual haya sido tomado conocimiento judicial.

(Énfasis suplido).

Es harto conocido que el conocimiento judicial es un método de prueba. Este medio trata de establecer un hecho como cierto sin la necesidad de presentar evidencia. Ello es así porque el tribunal presume que la cuestión es tan notoria que no será disputada". *U.P.R. v. Laborde Torres y Otros, supra,* págs. 276-277. Aun así, la parte contraria puede ofrecer prueba en contrario. *Lluberas v. Mario Mercado e Hijos,* 75 DPR 7, 20 (1953).

El inciso (B) de la Regla 201 de Evidencia, *supra,* establece dos criterios por los cuales el tribunal puede adquirir conocimiento judicial. El primero de estos es el "de conocimiento general dentro de la jurisdicción territorial del Tribunal". Regla 201(B)(1) de Evidencia, *supra*, R. 201(B)(1). Se refiere a la notoriedad del derecho, por lo que " '[a] mayor generalidad del hecho, mayor probabilidad de que se puede tomar conocimiento judicial; a mayor especificidad más difícil es tomar conocimiento judicial' ". *U.P.R. v. Laborde Torres y Otros, supra*, pág. 277 (*citando a* E.L. Chiesa*, Reglas de Evidencia de Puerto Rico 2009: Análisis por el Prof. Ernesto L. Chiesa*, San Juan, Pubs. J.T.S., 2009, pág. 104).

Por otro lado, el segundo factor es el hecho "susceptible de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada". Regla 201(B)(2) de Evidencia, *supra,* R. 201(B)(2). Este hecho debe ser de "determinación inmediata al recurrir a fuentes cuya exactitud no puede ser discutida. Al amparo de este criterio el hecho no tiene que ser notorio o de conocimiento general, sino de cómoda corroboración. Aquí lo esencial es que el hecho no se disputa porque es de fácil verificación". *U.P.R. v. Laborde Torres y Otros, supra*, págs. 277-278.

De igual modo, no es suficiente con que el hecho sea notorio o indubitable, sino que también debe ser pertinente y admisible. *U.P.R. v. Laborde Torres y Otros, supra*, pág. 278. Lo anterior pues, "[e]l conocimiento judicial no tiene el efecto de hacer admisible lo que es objeto de una regla de exclusión [de evidencia]." Chiesa, *Reglas de Evidencia de Puerto Rico 2009, op. cit.*, pág. 104.

Naturalmente, la economía judicial y lo indeseable de que el juzgador o la juzgadora rechace como falso lo que es cierto, es la raíz de la doctrina del conocimiento judicial. *U.P.R. v. Laborde Torres y Otros, supra*, pág. 278. Ciertamente, " '[l]os Jueces no viven en un

vacío. Sabemos lo que el resto de la comunidad sabe' ". *Pueblo v. Marrero*, 79 DPR 649, 658 (1956) (*Sentencia*). Sin embargo, el conocimiento judicial no se refiere al conocimiento personal del juez o de la jueza, sino al general que este o esta pueda tener de un hecho. *U.P.R. v. Laborde Torres y Otros, supra*, pág. 278.

Asimismo, el tribunal puede tomar conocimiento judicial *motu proprio* o solicitud de parte, y en cuanto a esto último, la parte proponente debe poner en posición al tribunal para tomar conocimiento judicial. Regla 201(C) de Evidencia, *supra*, R. 201(C); *Pérez v. Mun. de Lares, supra*, pág. 705. Así, "el tribunal debe acceder a la solicitud, especialmente si se trata de un hecho de fácil verificación. Si la parte promovente no provee la información, el tribunal rechazará la solicitud y la parte deberá entonces presentar evidencia para probar el hecho". *U.P.R. v. Laborde Torres y Otros, supra*, pág. 278.

### III.

En esta ocasión nos tocar resolver si la Sucesión Arversú Gasset tenía derecho a intervenir en el caso de epígrafe, al amparo de la Regla 51.6 de Procedimiento Civil, *supra*; si la solicitud de reconsideración radicada por la parte peticionaria fue presentada dentro del término de quince (15) días dispuesto en la Regla 47 de Procedimiento Civil, *supra*; y si el TPI incidió al no tomar conocimiento judicial de las órdenes y determinaciones judiciales del caso civil número SJ2022CV02075 incluidas en dicha petición de reconsideración, a base de la Regla 201 de Evidencia, *supra*.

A juicio del foro primario, procedía declarar Ha Lugar la solicitud de la Sucesión Arvesú Gasset, y, consecuentemente, ordenar al secretario de Refricentro a inscribir 92,581 acciones adquiridas por la Sucesión Arvesú Gasset mediante compraventa. Ante la solicitud de reconsideración de la parte peticionaria, el TPI resolvió que dicha petición de reconsideración se había presentado

fuera de tiempo, y que el tribunal solo podía considerar los hechos del caso de epígrafe, ya que no tenía casos consolidados.

Por su parte, la Sucesión Arvesú Gasset adujo ante nos que la parte peticionaria había incumplido con el término de veinte (20) días para expresarse sobre su solicitud para inscribir las acciones, por lo que renunció a presentar argumentos sobre la misma por medio de la moción de reconsideración. Además, expuso que, como supuestamente había adquirido un derecho preferencial de adquisición sobre las acciones de Refricentro por medio de la *Sentencia* emitida el el 26 de octubre de 2022 podía comparecer en el presente pleito, conforme a la Regla 51.6 de Procedimiento Civil, *supra*, y suplicar dicho remedio post-sentencia. Por último, la Sucesión Arvesú Gasset expresó que el foro primario no había incidido al no tomar conocimiento judicial sobre el caso civil número SJ2022CV02075, ya que dicha sentencia había advenido final y firme, resolviendo así el planteamiento del traspaso de las acciones a Hernández LLC.

Tras un análisis cuidadoso y objetivo resolvemos que el foro primario incidió en los errores señalados.

En primer lugar, la parte peticionaria sostuvo que la Sucesión Arvesú Gasset carecía del derecho a intervenir en el caso de autos. Como pormenorizamos anteriormente, la Regla 51.6 de Procedimiento Civil, *supra*, dispone en lo pertinente que, "[c]uando se dicte una orden **a favor de una persona** que no sea parte en el pleito, ésta podrá exigir su cumplimiento mediante el mismo procedimiento, como si fuera una de las partes". (Énfasis suplido). En el presente caso, el foro primario emitió la *Sentencia* del 26 de octubre de 2022 y dispuso que:

> Bajo las circunstancias del presente caso, entendemos como razonable que, **en un plazo de treinta (30) días, Refricentro o sus accionistas informen a Hernández, LLC su intención de adquirir todas o la parte de las acciones disponibles para cada cual, contados a**

**partir de la notificación de esta _Sentencia_. <u>Si Refricentro o sus accionistas no adquieren las acciones al cabo de ese plazo, quedará cumplida la oferta y cimentada de manera irrevocable la Permuta</u> y el <u>consecuente dominio</u> de Hernández, LLC sobre las referidas acciones.**[24]

Conforme a lo anterior, el 23 de noviembre de 2022, Refricentro y el Sr. Hernández García presentaron su moción en cumplimiento indicando su interés de adquirir todas las acciones disponibles. Por su parte, la parte recurrida radicó una moción en cumplimiento el 1 de diciembre de 2022 en la que informó que la Sucesión Arvesú Gasset- **quien no era ni es parte en el caso de referencia**- sometió dos ofertas, y lograron perfeccionar la compraventa de las acciones. Adujo también que fueron las únicas ofertas que recibió, y, así, suplicó del TPI que ordenara al secretario de Refricentro a expedir unos certificados nuevos de las acciones a nombre de la Sucesión Arvesú Gasset. Ante ello, la parte peticionaria se opuso a lo anterior el 23 de enero de 2023, y solicitó del TPI que denegara la petición de la parte recurrida. Arguyó que la compraventa violó la _Sentencia_ el 26 de octubre de 2022, al igual que los reglamentos de la empresa. Lo anterior, porque intentaba privar a la corporación y a los accionistas elegibles de participar en el proceso de valorización de acciones sujeta a dicha compraventa, y de poder comprarlas de conformidad con dicha sentencia. De igual modo, levantó que la Sucesión Arvesú Gasset no era parte en el caso, y que los miembros de la misma no eran accionistas de Refricentro.

El 24 de enero de 2023, el foro primario **denegó** la solicitud de la parte recurrida. Específicamente, indicó lo siguiente:

> Evaluada la _"Moción de las partes demandantes Cirilo Hern[á]ndez Hern[á]ndez, Llc, Et Al, Informando Cumplimiento de Sentencia y Solicitando Retenga y Ejerza Jurisdicción"_ presentada por la parte demandante [92][93], junto con las posturas en _"Oposición"_ a la misma presentadas por la parte demandada [97], **se acogen los fundamentos presentados <u>por la parte demandada</u> y se declara Ha**

---

[24] _Íd._, pág. 369.

**Lugar la Segunda [97]**; y No Ha Lugar la Primera [92][93]. **En consecuencia, somos del criterio que existiendo una sentencia final y firme, <u>no existe ninguna controversia que atender y ningún remedio que proveer</u>**.[25]

(Énfasis suplido).

Por lo tanto, la Sucesión Arvesú Gasset **no** adquirió beneficio alguno de la *Sentencia* emitida 26 de octubre de 2022 y, por ende, no tenía derecho a intervenir en el presente pleito ni mucho menos derecho a que el foro primario ordenara la otorgación de unas certificaciones a su favor cuando dicha petición fue **denegada** por medio de la *Orden* del 24 de enero de 2023. En su consecuencia, el foro primario incidió al aceptar a la Sucesión Arvesú Gasset como interventora.

Segundo, la parte peticionaria adujo que presentó la solicitud de reconsideración a tiempo. Tal como expusimos en la sección anterior, la Regla 47 de Procedimiento Civil, *supra*, dispone que, "[l]a parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de **quince (15) días desde la fecha de la notificación de la orden o resolución**, una moción de reconsideración de la orden o resolución". En el caso de marras, el TPI les concedió a las partes 20 días para presentar su posición sobre la súplica de la Sucesión Arvesú Gasset, so pena de conceder los remedios solicitados sin más. Sin embargo, ninguna de las partes expresó su posición, y la Sucesión Arvesú Gasset reiteró su solicitud de inscribir las acciones adquiridas por compraventa. Posteriormente, el TPI concedió el remedio solicitado por la Sucesión Arvesú Gasset por medio de la *Resolución Interlocutoria* recurrida, emitida el 5 de marzo de 2025, y **notificada el 7 de marzo de 2025**.

---

[25] *Íd.*, pág. 406.

Inconforme, **el 13 de marzo de 2025; es decir, <u>6 días</u> <u>después</u> de la notificación de dicha determinación**, la parte peticionaria radicó su petición de reconsideración. A pesar de lo anterior, el TPI resolvió en la *Resolución Interlocutoria* recurrida que, "[l]os argumentos de la solicitud de reconsideración están fuera de tiempo". Ciertamente, la parte peticionaria presentó dicha solicitud de reconsideración dentro del término de cumplimiento estricto de quince (15) días, a partir de la notificación de la determinación recurrida. Por ende, el TPI erró al determinar que los argumentos de dicha petición de reconsideración estaban fuera de tiempo.

Por último, la parte peticionaria adujo que el foro primario incidió al no tomar conocimiento judicial de las órdenes y determinaciones judiciales del caso civil número SJ2022CV02075 incluidas en dicha petición de reconsideración. Tal como indicamos anteriormente, el inciso (B) de la Regla 201 de Evidencia, *supra*, establece dos criterios por los cuales el tribunal puede adquirir conocimiento judicial, incluyendo que sea "susceptible de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada". Regla 201(B)(2) de Evidencia, *supra*. Naturalmente, la economía judicial y lo indeseable de que el juzgador o la juzgadora rechace como falso lo que es cierto, es la raíz de la doctrina del conocimiento judicial. *U.P.R. v. Laborde Torres y Otros*, *supra*, pág. 278. Conforme a lo anterior, el tribunal puede tomar conocimiento judicial *motu proprio* o a solicitud de parte. De tratarse de una solicitud de parte, la parte proponente debe poner en posición al tribunal para tomar conocimiento judicial. Regla 201(C) de Evidencia, *supra*; *Pérez v. Mun. de Lares*, *supra*, pág. 705. Consecuentemente, "[s]i es a solicitud de parte y ésta provee información suficiente para ello, **el Tribunal tomará conocimiento judicial**". Regla 201(C) de Evidencia, *supra*. (Énfasis suplido). En otras palabras, "**el tribunal debe acceder a la solicitud**,

especialmente si se trata de un hecho de fácil verificación". *U.P.R. v. Laborde Torres y Otros, supra,* pág. 278. (Énfasis suplido).

En el caso de referencia, el foro primario expresó en la *Resolución Interlocutoria* recurrida que "este tribunal solo puede considerar los hechos del caso de autos, ya que no tiene casos consolidados". Sin embargo, este no es uno de los requisitos a considerar para tomar conocimiento judicial, sino que, previo a tomar conocimiento, se debe evaluar si esa información es de conocimiento general o de corroboración inmediata y exacta. En el caso de autos, como las órdenes y determinaciones del caso civil número SJ2022CV02075 eran de corroboración inmediata, el TPI tenía que adquirir conocimiento judicial sobre ello. Por ende, el TPI también cometió el tercer planteamiento de error.

### IV.

Por las razones discutidas anteriormente, expedimos el recuso de *certiorari,* y revocamos la *Resolución Interlocutoria* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones